**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROLAND GONZALES,

          Petitioner - Appellant,

    v.

DARRELL G. ADAMS, Warden,

          Respondent - Appellee.

No. 07-56738

D.C. No. CV-05-05745-RGK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Roland Gonzales, a California prisoner, appeals from the district court's

denial of his petition for a writ of habeas corpus. We affirm. Although a

"procedural-bar issue should ordinarily be considered first" we proceed directly to

the merits, as they are "easily resolvable against the habeas petitioner." *Lambrix v.*

*Singletary*, 520 U.S. 518, 524-25 (1997).

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court properly concluded that the state court's decision finding no juror misconduct in testing the sharpness of the knife was neither contrary to, nor involved "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[T]he 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel." *Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965). However this standard does not bar jurors from manipulating an object in evidence during deliberations to test its properties. *See, e.g., United States v. George*, 56 F.3d 1078, 1083-84 (9th Cir. 1995).

2. The district court also did not err in upholding the state court's finding that the jury foreman was not biased against the defendant. "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). However the conduct Gonzales attributes to the foreman does not constitute the clear and convincing evidence needed to rebut the presumption of correctness afforded to the state court determination that there was no evidence of bias. *See* 28 U.S.C. § 2254(e)(1); *cf. Dyer v. Calderon*, 151 F.3d 970, 981 (9th Cir. 1998) (en banc).

3.      Even assuming that speculation among jurors concerning punishment was constitutionally inappropriate, *see Grotemeyer v. Hickman*, 393 F.3d 871, 880 (9th Cir. 2004), the discussion did not have a "substantial and injurious effect or influence in determining the jury's verdict" and was therefore harmless. *Fry v. Pliler*, 551 U.S. 112, 116, 121-22 (2007) (internal quotation marks and citations omitted). The two jurors allegedly influenced by the discussion and who sent letters to the judge requesting leniency at sentencing both stated that despite their sentencing concerns, they believed Gonzales possessed the malice necessary to support a guilty verdict for second degree murder.

**AFFIRMED.**